IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR00179 |
| | ) | |
| Plaintiff, | ) | THE HONORABLE JAMES S. GWIN |
| | ) | U.S. DISTRICT COURT JUDGE |
| -vs.- | ) | |
| | ) | EMERGENCY MOTION FOR |
| ELIJAH BOND, | ) | APPOINTMENT OF INDEPENDENT |
| | ) | EXPERT PURSUANT TO FED.R. 706 |
| Defendant. | ) | AND REQUEST FOR JOINDER |

**NOW COMES** Defendant, Elijah Bond, by and through undersigned counsel, and respectfully moves this Court to issue an Order pursuant to Federal Rule of Evidence 706 appointing an expert witness that may opine to the specific risks posed to Defendant by COVID-19 during his detention at North East Ohio Correctional Center (NEOCC).

Pursuant to Fed. R. Evid. 706, "On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). In appointing an expert, a court has "broad discretion to appoint an expert under Rule 706"; however, "such appointments are not commonplace, and are reserved for exceptional cases involving particularly complex matters." *Abdoush v. Prisoner Health Servs.*, E.D.Mich. No. 2:11-CV-15138, 2014 U.S. Dist. LEXIS 61694, at *2 (May 5, 2014). *See also Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 558 F.3d 1341, 1348 (Fed. Cir. 2009); *In re Joint E. & S. Dists. Asbestos Litig.*, 830 F. Supp. 686, 693 (E.D.N.Y. 1993). Further, the appointment of an expert pursuant to Rule 706 cannot be to "act as an advocate" for a particular party. *Id. quoting Brooks v. Tate*, No. 1:11-cv-01503, 2013 U.S. Dist. LEXIS

111420, 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013) (citations omitted); *accord Colton v. Scutt*, No. 10-CV-13073, 2012 U.S. Dist. LEXIS 157589, 2012 WL 5383115, at *7 (E.D. Mich. Nov. 1, 2012) (Majzoub, M.J.); *Tangwall v. Robb*, No. 01-10008, 2003 U.S. Dist. LEXIS 27128, 2003 WL 23142190, at *4 (E.D. Mich. Dec. 23, 2003).

In the instant matter, Defendant requests this Court to appoint Dr. Venktesh Ramnath, a board-certified physician in Internal Medicine, Pulmonary Disease, and Critical Care Medicine. Defendant seeks appointment of Dr. Ramnath so that he may render an expert opinion on the specific threats posed to Defendant by COVID-19 and his detention at North East Ohio Correctional Center (NEOCC). Dr. Ramnath has inspected NEOCC and would be prepared to render a timely opinion upon a review of Mr. Bond's medical history and the completion of a physical exam.

It is submitted that Mr. Bond's request is appropriate as it is for the purposes of rendering an opinion on a complex issue and the expert would not be working as an advocate for Defendant. Instead, Dr. Ramnath would be giving an unbiased medical opinion for this Court to utilize in determining whether Mr. Bond should be released from detention. The issue at hand is highly medically complex and beyond any base knowledge of a court or an attorney. Dr. Ramnath has already completed a report for an inmate a NEOCC and it provides great detail to the effect contraction of COVID-19 would have on a specific inmate and quantifies the threat posed; it is not just a generalized summary.[1] *See* Exhibit "A" – Dr. Ramnath's Expert Report.

---

[1] Dr. Ramnath's Expert Report pertains to *United State v. Aaron Gage*, Northern District of Ohio Case No. 1:19-CR-705, Dkt. 16 Motion for Bond, Exhibit A.

On April 22, 2020, Defendant filed his *Motion for Release from Custody*, Dkt. 152, setting forth his reasons why he should be released from custody amid the COVID-19 pandemic. Since that time, the risk to Mr. Bond has grown exponentially as the COVID-19 numbers continue to grow.  The ability of COVID-19 to spread throughout an entire detention facility can be seen in Ohio Department of Rehabilitation and Corrections facilities; specifically, Marion Correctional Institution and Pickaway Correctional Institution.  At those facilities, the virus spread throughout the entire prison population in a very short period of time with 1940 inmates testing positive at Marion Correctional Institution and 1477 inmates testing positive at Pickaway Correctional Institution.[2]  While no inmates at NEOCC have tested positive for COVID-19, it is submitted that is due to a lack of testing.  Despite no inmates testing positive for COVID-19, three (3) staff members have tested positive.  *See* Fn. 2.  The virus is in NEOCC and it is urgent that an expert report by Dr. Ramnath be completed for Mr. Bond.

Rather than continuing to make assumptions about what threats Mr. Bond faces from COVID-19 while incarcerated with significant health conditions, the appointment of Dr. Ramnath would allow for an expert report that specifically identifies and quantifies the threats posed; or alternatively the lack of threat he may face.  Accordingly, it is submitted that this Honorable Court should issue an Order appointing Dr. Venktesh Ramnath for the purpose of rendering an expert opinion of the threat posed to Mr. Bond while incarcerated at NEOCC during the COVID-19 pandemic.

---

[2] https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-29-2020%201300.pdf

Undersigned is aware that counsel for co-Defendant, Terriuntae Hammock, has filed for appointment of an independent expert in this matter because of deteriorating and urgent conditions at NEOCC. *See* Dkt. 166. Mr. Bond seeks to join co-Defendant's Motion and further adopts and incorporates the arguments made therein.

Wherefore, for the foregoing reasons, it is respectfully requested that this Honorable Court Order pursuant to Federal Rule of Evidence 706 appointing an expert witness that may opine to the specific risks posed to Defendant by COVID-19 during his detention at North East Ohio Correctional Center.

Respectfully submitted,

s/ Leif B. Christman
**LEIF B. CHRISTMAN (0070014)**
55 Public Square, Suite 2100
Cleveland, Ohio 44113
Tel: 216-241-5019
Fax: 216-241-5022
E-mail: LBChristman@hotmail.com
*Attorney for Elijah Bond*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed electronically this 5th day of May, 2020. Notice of this filing will be sent to all Parties by operation of the Court's ECF system. Parties may access this filing through the Court's system.

Respectfully submitted,

s/ Leif B. Christman
**LEIF B. CHRISTMAN (0070014)**
*Attorney for Elijah Bond*
